### H. C. THORNTON v. THE STATE.

*No. 728.   Decided May 15.*

**Fraudulent Disposition of Mortgaged Property—Record of Mortgage—Notice.**—It is no defense to a prosecution for fraudulently disposing of mortgaged property, that because the mortgage had been recorded in the county clerk's office, and that consequently the purchaser took the property with notice of the mortgage, therefore defendant could not have disposed of it with intent to defraud. Whether the mortgage was recorded or not, could not, as a matter of law, affect the intent of defendant, which was a fact to be established by the evidence on the trial.

APPEAL from the District Court of Hill.   Tried below before Hon. J. M. HALL.

Appellant was indicted for fraudulently disposing of a mare which he had previously mortgaged to one Taylor Evans.  At the trial he was convicted, with the penalty assessed at two years' imprisonment in the penitentiary.

Evans testified to the execution of the mortgage to him by the defendant, and that on the day it was executed he filed it for record in the county clerk's office.  That defendant sold the mare to one Rogers.

Rogers testified, that at the time he traded with defendant for the mare he had no knowledge of the existence of the mortgage upon her, and that he gave up the mare to Taylor Evans rather than have a law suit about her.

Defendant's first assignment of error is:   "The verdict of the jury is contrary to the law and the evidence in this, to wit, the evidence shows that at the time defendant traded the mare to Rogers the mortgage was then on file in the office of the county clerk of Hill County, Texas, and the world had notice of that fact; as a matter of law, defendant could not have traded said mare with intent to defraud Taylor Evans, because when the mortgage was on file, as aforesaid, the purchaser took said property with such notice as the record could give, therefore the legal rights of Evans, were not impaired, and there was no fraud."   "If defendant could not defraud said Evans in legal parlance he could not intend to defraud."

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of disposing of mortgaged property with intent to defraud.

Two grounds of error are assigned for reversal.   The first ground contends, inasmuch as the mortgage was on file in the county clerk's office, and was notice to the world of its contents, that therefore, as matter of law, defendant could not have traded the mare with intent to defraud the mortgagee, because the purchaser took the animal with

notice of such mortgage. The second ground contends that the evidence does not support the conviction, "because the verdict shows defendant did not in fact intend to defraud Evans," the mortgagee. If the verdict .of the jury does not find that appellant did intend to defraud Evans, it certainly finds nothing. That was the very issue decided by the verdict against appellant. It can not, therefore, be said that the "verdict shows defendant did not in fact intend to defraud Evans."

Nor is the other contention well taken. The law does not eliminate the intent to defraud from appellant's mind because Evans filed with the county clerk the mortgage which appellant had given him. This contention, if correct, would make the intent depend, as a matter of law, upon the act of Evans in filing or not filing the mortgage with said clerk. Whether Evans filed the mortgage or not could not, as a matter of law, govern the intent of appellant in disposing of the property. His intent in disposing of the property was a matter of fact to be determined by. his acts, and the facts and circumstances proven on the trial. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.